**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**GALVESTON DIVISION**

| | | |
|---|---|---|
| **MARK J. GUIDRY** | § | |
| | § | |
| **Plaintiff** | § | |
| | § | |
| | § | |
| **v.** | § | **CIVIL ACTION NO. _____** |
| | § | |
| **OFFSHORE OIL SERVICES, INC.** | § | |
| | § | |
| **Defendant** | § | **JURY TRIAL DEMANDED** |
| | § | |
| | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT

Now comes MARK J. GUIDRY, ("Plaintiff") and complains of Defendant OFFSHORE

OIL SERVICES, INC., ("Defendant") and for cause of action would show the Court as

follows:

**I.**
**INTRODUCTION**

1.  This is a suit for unpaid overtime wages earned by the Plaintiff when he worked

for Defendant.  Plaintiff worked as an "Engineer" for the Defendant's crew boat services.

Defendant did not pay Plaintiff for his hours of work in excess of forty (40) per week.

Plaintiff was entitled to be paid for his hours of work in excess of forty (40) at one and a

half (1.5) times his regular rate of pay.  Plaintiff therefore seeks declaratory relief, back

pay, liquidated damages, attorney's fees, and taxable costs of court pursuant to 29 U.S.C.

§216(b), for Defendant's willful failure to pay overtime wages to Plaintiff in the course

of his employment with the Defendant.

1

## II.
## JURISDICTION AND VENUE

2.  The Plaintiff's claims arise under the Fair Labor Standards Act ("FLSA"). 29 U.S.C. §201 *et. seq*.  Accordingly, this Court has jurisdiction over the subject matter of this action under 29 U.S.C. §216(b) and 28 U.S.C. §1331.

3.  Venue is proper in the Southern District of Texas because a substantial portion of the events forming the basis of this suit occurred in the Southern District of Texas. Venue is also proper in the Southern District of Texas because Defendant has its principal place of business in Texas and in the Southern District of Texas.

## III.
## PARTIES

4.  Plaintiff MARK J. GUIDRY resides in Orange County, Texas.

5.  Defendant, Offshore Oil Services, Inc. is a Texas corporation doing regular business in the State of Texas. Defendant may be served with process by serving its registered agent, Stacy Stanley, 1608 Old Angleton Rd., Clute, Texas, 77531 or at any other places she may be found.

## IV.
## COVERAGE OF THE FLSA

6.  At all material times, Defendant has been an employer of the Plaintiff within the meaning of the FLSA.

7.  At all material times, Defendant has operated an enterprise within the meaning of the FLSA.

8.  At all material times, Defendant has operated an enterprise engaged in commerce and/or in the production of goods for commerce within the meaning of the FLSA.

9.   At all material times, Plaintiff was an employee who engaged in commerce or in the production of goods for commerce in performing their duties for the Defendant as required by the FLSA.

10. The Plaintiff was not covered by any of the exemptions from the FLSA while employed by Defendant.

11. Defendant was not covered by any of the exemptions to the FLSA while it employed the Plaintiff.

## V.
## FACTUAL ALLEGATIONS

12. At all times relevant to this action, Defendant has been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 *et seq*.

13. For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

14. Defendant equipment and vessel services in Texas to oil and gas industries.

15. Defendant employed Plaintiff from June 30, 2008 thru September 13, 2011.

16. Plaintiff worked for the Defendant as an Engineer.

17. As an Engineer, Plaintiff's duties required him to stay on location fourteen (14) days at a time.

18. Although Plaintiff could adjust the amount of time estimated for the work, he did not control the hourly rates assigned to the work.

19. Plaintiff's duties while employed by Defendant included loading and unloading the boat, cleaning duties, house keeping, checking the engines in the Generator Room, and cooking for employees of Defendant's customers that stay on the boat.

20. More than twenty (20%) percent of Plaintiff's work is spent on duties that are not "rendered primarily as an aid in the operation of a vessel as a means of transportation

21. Therefore, Plaintiff was not subject to either of the Seaman's Exemptions, found at 29 U.S.C. 213(b)(6) or (b)(12), during his employment for Defendant.

22. Defendant failed to keep accurate records of the specific hours that Plaintiff worked.

23. Failure to maintain records of hours worked is a violation of the record- keeping provisions of the FLSA.

## VI.
## UNPAID OVERTIME COMPENSATION

24. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

25. Plaintiff routinely worked more than forty (40) hours per week for Defendant, but Defendant did not pay Plaintiff for his hours of work in excess of forty (40) at one and a half (1.5) times his regular rate.

26. Defendant failed to record the hours in which Plaintiff worked.

27. Plaintiff was a non-exempt employee under the FLSA.

28. Defendant has not made a good faith effort to comply with the FLSA. Rather, the Defendant knowingly, willingly, and/or with reckless disregard carried out its illegal pattern or practice regarding minimum wages and overtime compensation.

## VII.
## CAUSE OF ACTION: FAILURE TO PAY OVERTIME

29. Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully re-written herein.

30. Defendant's failure to pay overtime wages to the Plaintiff was and is in violation of the FLSA.  Accordingly, the Plaintiff is entitled to overtime in an amount equal to the amount of his unpaid overtime compensation for each hour worked over forty in each workweek.

31. Plaintiff is entitled to recover attorneys' fees and costs of this action as provided by the Fair Labor Standards Act, 29 U.S.C. §216(b).

## VIII.
## JURY DEMAND

32. The Plaintiff hereby demands a jury trial.

## IX.
## PRAYER

WHEREFORE, the Plaintiff requests that this Court award him judgment against Defendant for the following relief:

a.      A declaration that Defendant has violated the Fair Labor Standards Act, specifically 29 U.S.C. 207, by failing to pay Plaintiff overtime pay at one and one half times his regular hourly rate for all hours in excess of forty (40) worked during each seven-day work period.

b.      Damages for the full amount of his unpaid overtime compensation;

c.      An equal amount as liquidated damages;

d.      Reasonable attorneys fees, costs, and expenses of this action; and

e.      such additional relief as may be allowed by law.

Respectfully submitted,

TRAN LAW FIRM, L.L.P.

By: _/S/Trang Q. Tran_____
Trang Q. Tran
Texas Bar Number: 00795787
Federal I.D: 20361
Andrew H. Iwata
Texas Bar Number: 24048568
Federal I.D: 625974
3050 Post Oak Blvd., Suite 1720
Houston, Texas 77056
Telephone: (713) 223-8855
Facsimile: (713) 623-6399

**ATTORNEYS FOR PLAINTIFF**